## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NEAL HUTTO, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 09-CV-737-JHP-FHM** |
| | ) | |
| UNITED STATES GOV., | ) | |
| | ) | |
| **Defendant.** | ) | |

### ORDER

This matter comes before the Court on the Motion for Default Judgment filed by the Plaintiff on April 14, 2010. (Dkt. # 9). The United States of America appears specially on behalf of the Office of the Director of National Intelligence ("ODNI"), through Thomas Scott Woodward, United States Attorney for the Northern District of Oklahoma, and by Loretta F. Radford, Assistant United States Attorney. The Plaintiff, Neal Patrick Hutto, appears *Pro Se*.

*History of Case*

Plaintiff filed this instant action pursuant to the Federal Tort Claims Act of 1946 ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680. Plaintiff alleges that he has been damaged by certain agencies of the United States Government causing, "[A] stress disorder, a sleep deprivation disorder, an isolation disorder, and the general ruining of a life and a psyche through the tortious acts" and the "retaliatory actions" of the Defendant. (Dkt. # 1, p.1). Plaintiff believes he has been labeled a whistle-blower and has been tortured by the

Defendant by exercising his freedom of speech and expression.  Dkt. # 1, p. 2.  Plaintiff is requesting relief in the amount of $2,025,000,000.00.[1]

The Plaintiff moved for default judgment in this case on April 14, 2010.  (Dkt. # 9).  The Plaintiff's motion argued that he properly served the Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure, and the Defendant did not answer within 60 days of being served the summons and complaint.

On May 18, 2010, the government filed a response to the Plaintiff's motion and alternatively sought dismissal pursuant to Rules 12(b)(1); 12(b)(5); and 12(b)(6) of the Federal Rules of Civil Procedure.  (Dkt. # 12).  Dismissal pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure was later stricken as a basis for dismissal by the government after determining that the Plaintiff did in fact notify the Agency of his claim. (Dkt. # 15).  The Plaintiff's Motion for Default Judgment was denied on June 4, 2010.  (Dkt. # 19).  This Order therefore addresses only the Defendant's request for dismissal pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure as set forth in the government's motion and supporting brief.

---

[1]Plaintiff filed a similar action in the Northern District of Oklahoma on June 9, 2008, entitled *Neal Patrick Hutto v. U.S. Intelligence Cmty.*, Case No. 08-CV-341-TCK-FHM, naming the "D.O.D. (Military Intelligence) and an Unknown Number of Unknown Agents of the United States Intelligence Community." In that case, plaintiff alleged retaliatory actions by the defendants that caused plaintiff intentional and unintentional emotional distress.  Plaintiff's complaint failed to assert or establish that he had complied with the statutory requirement of the FTCA to exhaust any administrative remedies prior to filing suit.  Also, Rule 4 service was not perfected by the Plaintiff.  The United States moved for dismissal for lack of subject matter jurisdiction and for lack of service on the defendants.  Plaintiff filed a response agreeing with the United States and requested the Court to dismiss the case.  That case was dismissed without prejudice for lack of subject matter jurisdiction on February 10, 2009.  *See* Dkt. # 16, Case No. 08-CV-341-TCK-FHM (N.D. Okla.).

*Dismissal pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure*
*Insufficient Service of Process*

Service of process in this case does not meet the requirements of the Federal Rules of Civil Procedure. Plaintiff filed his complaint on November 18, 2009. The Plaintiff's Complaint had been on file with the Court Clerk for 120 days on March 18, 2010. The Federal Rules of Civil Procedure 4(i)(1)(A)(i) provide that service on the United States, its agencies or employees must be made by (a) delivering a copy of the summons and complaint to the United States Attorney for the district in which the action is brought, or sending a copy of the summons and complaint by registered or certified mail to the United States Attorney's office; (b) sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and (c) if challenging an order of a non-party agency or officer of the United States, send a copy of the summons and complaint by registered or certified mail to that agency or officer.

To date, the court's docket reflects that the only summons that has been issued by the Plaintiff is to ODNI. The Plaintiff has failed to issue a summons to the United States Attorney's Office or the United States Attorney General's Office. The Plaintiff's *Pro Se* status does not excuse his failure to follow the fundamental rules of civil and appellate procedure. *Brown v. Shalala*, 161 F.3d 17, 1998 WL 647655 (C.A. 10 (Okla.)) (unpublished). *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994), *cert. denied*, 513 U.S. 1090, 115 S.Ct. 750, 130 L.Ed.2d 650 (1995).

As well, service of process in this case has suffered the following history:

1.     On January 12, 2010, the Northern District of Oklahoma Court Clerk's docket sheet shows that a summons was issued to the United States of America (Dkt. # 4), but the actual summons is issued to the "Office of the Director of National Intelligence, 1000 Colonial Farm Rd. LX2 - Office Gen Counsel, McLean, VA 22101," and not to the United States of America.

2.     On January 14, 2010, a summons was issued to "The Office of the Director of National Intelligence, 1000 Colonial Farm Rd. - Office of the General Counsel, McLean, VA 22101." (Dkt. # 5).

3.     A summons issued to ODNI was returned executed as to the United States Attorney's Office (Dkt. # 6) on January 19, 2010; however, this summons was actually issued to ODNI.  The Plaintiff filed a Proof of Service asserting that the United States Attorney's Office was served a summons on January 19, 2010.  The docket sheet does not reflect the issuance of any summons to the United States Attorney's Office.

4.     A summons issued to ODNI (Dkt. # 7) was returned executed on March 8, 2010; however, there is no proof of service on ODNI.  The address on the summons does not match the mail receipt filed by the Plaintiff, and there is no proof the summons was received by an employee of ODNI.  There is not a certified return receipt filed with the executed summons.  The Plaintiff attached certified mail receipts which establish he mailed something to ODNI, but there is no proof that an employee of ODNI actually received the summons and complaint.

5.     A summons was returned executed as to the United States Department of Justice (Dkt. # 8) on March 8, 2010; however, the summons is issued to ODNI.  The address on the summons does not match the address on the mail tracking form or on the certified mail receipt filed with the summons, and there is no proof the summons was signed for by an employee of the Department of Justice.  A certified return receipt was not filed with the return executed summons.  The Plaintiff merely attached the certified mail receipts.

Until served properly, the United States is under no obligation to answer, for the court does not have jurisdiction over a party until service is achieved.  *Omni Capital Int'l, Ltd. v.*

4

*Rudolf Wolff & Co.*, *Ltd*., 484 U.S. 97, 104 (1987).  "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant."  *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 350, 119 S.Ct. 1322 (1999).  In the same case, the Supreme Court explained:

> In the absence of service by process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant.  . . . Accordingly, one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend.

*Id.*

The case law clearly establishes that the requirement of 4(i) must be complied with and that the government has a right to insist on proper service.  *Cunningham v. Ridge*, 258 Fed. Appx. 221, 2007 WL 4291045 (C.A. 10 (Colo.)) (unpublished).  As well, according to Federal Rule of Civil Procedure 4(m), if service is not made within 120 days after the filing of a complaint, the Court "must" dismiss the action, unless the plaintiff establishes "good cause" for the lack of service.  March 18, 2010, was the Plaintiff's 120th day and, as of today's date, service is still insufficient.

Failure to properly serve the Defendants deprives this court of personal jurisdiction. *OMI Holdings, Inc. v. Royal Ins. Co.*, 149 F.3d 1086, 1091 (10th Cir. 1998).  A defect in jurisdiction is fatal to the maintenance of an action.  *Scheideman v. Shawnee Cnty. Bd. of Cnty. Comm'rs*, 895 F. Supp. 279, 280 (D. Kan. 1995) (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974); Fed. R. Civ. P. 12(h)(3).

The Court finds that the Plaintiff has failed to effect proper Rule 4 service on the Defendants and his Complaint must be dismissed pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.

### *Dismissal Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure*
### *Failure to State a Claim Upon Which Relief can be Granted*

Reading the Complaint liberally, this court must determine whether the Plaintiff has alleged any facts which could form the basis for a finding that he has alleged a claim for which there is available relief.  Generally, when ruling on a Rule 12(b)(6) motion to dismiss, a district court may not look beyond the pleadings.  The Tenth Circuit has previously held, "We will uphold a dismissal [under Federal Rule of Civil Procedure 12(b)(6)] only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Maez v. Mountain States Tel. & Tel.*, *Inc*., 54 F.3d 1488, 1496 (10th Cir. 1995).  Tenth Circuit law requires this Court to accept the allegations of the complaint as true and view them in the light most favorable to the nonmoving party.  *Id*. at 1496.

The Plaintiff suggests the "wrongful acts" allegedly inflicted upon him should qualify under negligent infliction of emotional distress.  (Dkt. # 1, pp. 2-3).  Under Oklahoma law, the negligent causing of emotional distress is not an independent tort, but is in effect the tort of negligence.  *Kraszewski v. Baptist Med. Ctr. of Okla., Inc.,* 916 P.2d 241, 243 n.1 (Okla. Mar. 26, 1996).

The Defendant argues that all of Plaintiff's allegations should be considered under the intentional infliction of emotional distress.  The Court agrees.  Intentional infliction of emotional distress is considered an independent tort in Oklahoma and is also known as the tort of outrage.  *Kraszewski*, 916 P.2d at 248; *see, Taiwo v. Vu*, 249 Kan. 585, 822 P.2d 1024, 1029 (1991).  Under Oklahoma law, the tort of intentional infliction of emotional distress requires proof that:  (a) the defendant acted intentionally or recklessly; (b) the defendant's conduct was extreme and outrageous; (c) the defendant's conduct caused the plaintiff emotional distress; and (d) the emotional distress was severe.

Recovery for the intentional infliction of emotional distress requires proof that a defendant's conduct was extreme and outrageous.  *Breeden v. League Svcs. Corp*., 575 P.2d 1374, 1376 (Okla. 1978).  After a thorough reading of the Plaintiff's Complaint, the Court finds that Plaintiff's Complaint fails to allege the kind of outrageous conduct which would support a claim of intentional infliction of emotional distress under Oklahoma law.

The Court finds that the Plaintiff's Complaint fails to state a claim upon which relief can be granted and must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

*Conclusion*

WHEREFORE, for the reasons set forth in this Order, Defendant's Alternative Motion to Dismiss (Dkt. # 12) is granted on the merits, without prejudice.  In light of the Court's ruling, the remaining issues raised by Defendant's motion are hereby rendered moot.

As this Order disposes of the Plaintiff's Complaint in its entirety, this action is hereby dismissed without prejudice.

IT IS SO ORDERED this 16th day of July, 2010.

James H. Payne
United States District Judge
Northern District of Oklahoma

8